# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ANTHONY MCGHEE, on behalf )
of himself and others similarly situated, )
                                                    )
              Plaintiff, )
                                         )
vs. )    Case No. CIV-10-45-M
                                         )
HENRY DOCK WORKS, INC., )
                                         )
              Defendant. )

## ORDER

Before the Court is defendant's Motion to Dismiss, filed March 19, 2010. On April 9, 2010, plaintiff filed his response, and on April 16, 2010, defendant filed its reply.

On January 14, 2010, plaintiff, individually and on behalf of others similarly situated, filed the instant action, based on claims arising out of his employment with defendant Henry Dock Works, Inc. ("Henry"). In his Complaint, plaintiff asserts a cause of action under the Fair Labor Standards Act for failure to pay wages, including overtime compensation, against Henry, his employer. Henry now moves to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

The United States Supreme Court has recently held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (internal quotations and citations omitted). Finally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 1949 (internal quotations and citations omitted).

Defendant asserts that the instant action should be dismissed because the Complaint is overly broad in scope and fails to plead sufficient facts to plausibly allege a violation of the Fair Labor Standards Act. Specifically, in its motion to dismiss, defendant asserts that plaintiff has not pleaded facts to show, for example, the specific weeks he was required to work without overtime pay and the specific weeks when he was not paid the legal minimum wage for his work completed.

Having carefully reviewed the Complaint, the Court finds that plaintiff has set forth sufficient factual matter, accepted as true, to properly plead an action for violation of the Fair Labor Standards Act that is plausible on its face and provides fair notice to defendant. Specifically, the Court finds that plaintiff has set forth sufficient allegations to establish that defendant failed to pay plaintiff minimum wages and overtime compensation for a period of time between November 2008 and September 2009. Defendant cites no authority requiring plaintiff to plead specific weeks plaintiff was owed but not paid minimum or overtime wages within that time frame. Indeed, the Court finds such specificity is not required to state a plausible claim for relief under the Fair Labor

Standards Act. *See McDonald v. Kellogg Co.*, No. 08-2473-JWL, 2009 WL 1125830, at *1 (D. Kan. Apr. 27, 2009) (detailed factual allegations are not required to support a claim for relief under the Fair Labor Standards Act).

Accordingly, the Court DENIES Henry's Motion to Dismiss [docket no. 12].

**IT IS SO ORDERED this 18th day of June, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE